TANCREDE G. CROTEAU ET AL.

*vs.*

LUNN & SWEET EMPLOYEES ASSOCIATION.

Androscoggin. Opinion October 14, 1924.

*Where a by-law of a benefit association provides three classes of benefits arising from sickness, temporary injury and death, the word "injury" as used in the by-law includes both an injury resulting in temporary disability, and an injury resulting in death.*

*Where the by-law provides no benefits shall be paid where the sickness or injury is the result of intemperance or immoral act, each of such causes is distinct from and exclusive of the other. The phrase "immoral act" does not include intemperance or the after effects of it.*

In this case there is no evidence showing causal connection between the death of the late member of the defendant association and the intoxication of the occupants of the car.

On report. An action by the parents to recover a death benefit for the death of Emile Croteau who died May 20, 1923, as a

result of an automobile accident in going over an embankment, plaintiffs alleging that the driver of the automobile and others in the car including the deceased were intoxicated. By agreement of the parties the cause was reported to the Law Court on an agreed statement of facts. Judgment for the plaintiffs for $200.

The case is sufficiently stated in the opinion.

*Clifford & Clifford,* for plaintiffs.

*George C. Webber,* for defendants.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

MORRILL, J. Action by the parents and legal heirs of one Emile Croteau to recover a death benefit payable upon the death of their son. Emile Croteau died May 20, 1923; it is conceded that he was a member in good standing of the defendant association until the day of his death; that he died unmarried, without designating a beneficiary, and that the plaintiffs are his legal heirs, and have given all notices required prior to bringing this action.

The defense relies solely upon the following provision constituting Section 14 of Article VII. of the By-laws, entitled "Mutual Aid Department":

"No benefits shall be paid for sickness or injury caused by intemperance or immoral act on the part of the claimant, or for injuries caused by deliberate self-infliction, or the after effects of any of these causes."

The facts, as agreed upon, are as follows:

"On the nineteenth day of May, 1923, young Croteau, in company with several other young men, started in an automobile for what might be termed a 'joy ride.' They started drinking at five thirty of the clock in the afternoon in Lewiston; they drove to Lisbon Falls, and remained there for four or five hours at a wedding party where more or less intoxicating liquor was consumed by all of them. It is admitted that while under the influence of intoxicating liquor, they drove to Augusta, Maine, starting from Lewiston about twelve o'clock at night on May 19th, and on their return from Augusta early in the morning of May 20th, at some place in Kennebec County, the automobile in which they were riding went over an embankment and as a result of this accident Croteau was killed and other members

of the party were more or less injured.    It is admitted that Croteau was not driving the automobile, but that one of the party, while under the influence of intoxicating liquor, was driving the automobile at the time of the accident."

Thus have the parties stated the facts, — presumably all the facts known to them — relating to the manner of Croteau's death.    Two questions are presented.

FIRST.    Does Section 14 above quoted apply to death benefits? Upon consideration of the whole article it is apparent that we must so hold, notwithstanding the phrase "caused by intemperance or immoral act *on the part of the claimant.*"    Three classes of benefits are provided for, arising from sickness, temporary injury, and death. Death may occur either from injury or sickness. ˙ A fair construction of the word "injury" as used in the section in question includes both an injury resulting in temporary disability, and an injury resulting in death.    It certainly could not have been the intention to bar benefits for injuries caused by intemperance or immoral act resulting in temporary disability, and yet to pay benefits for injuries so caused resulting in death.    The word "claimant" is not apt and cannot be regarded as controlling; it must be construed as meaning "member" or "deceased," when death benefits are to be considered. Section 9 of the same article makes this construction clear; it reads:

"No benefits for sickness, accident or death will be paid by this Association unless the *claimant* has been a member of the Association for at least one month."

SECOND.    Do the facts show that young Croteau's death was caused by intemperance or immoral act on his part, or the after effects of any of these causes?

Conceding that the case does not show that the death of Croteau was caused by his own intemperance, counsel for defendant argues that the word "immoral" is not used in the narrow sense of "licentious," but in its broader meaning as defined by lexicographers; thus in Webster's New International Dictionary, "Inconsistent with rectitude, purity or good morals; contrary to conscience or the moral law; wicked; unjust; vicious;" and in the New Standard Dictionary, "Inconsistent with moral rectitude; violating the moral or divine law; morally wrong; hostile to the welfare of the general public;" and that the participation of Croteau in the drunken spree was an immoral act.

The answer to this line of arugment is two-fold.    Careful considera-
tion of Section 14 leads to the conclusion that the section speaks of
two causes occasioning sickness and injury,—intemperance and
immoral act, each distinct from and exclusive of the other.    There-
fore, whatever construction may be put on the latter phrase, it does
not include intemperance, or the after effects of it; the language used
is not, "or *other* immoral act."

Further, the case does not show that the accident to the car was
due to the intoxication of the occupants; the road may have been
wet and slippery; the car may have been crowded off the road by a
passing car; the driver, although under the influence of intoxicating
liquor, may have exercised due care beyond criticism.    No causal
connection whatever is shown between the death of Croteau and the
intoxication of the occupants of the car.

*Judgment for the plaintiffs*
*for $200.00.*